CASE 24—ACTION FOR PERSONAL INJURIES—MARCH 1.

# Standard Oil Co. v. Eiler.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

PEREMPTORY INSTRUCTION—CONTRIBUTORY NEGLIGENCE IN USE OF MA-
CHINERY.

Held:   1. The proof of contributory negligence must be clear to au-
thorize a peremptory instruction for defendant on that ground.
2. Plaintiff, who was seventeen years of age and unskilled in the use
of machinery, had just been assigned to the duty of putting corn
in the hopper of a grinding machine which was run by steam.
At the bottom of the machine the stuff that was ground came out
at a metal spout about five inches long, and to this spout was
attached, by a string, a longer spout, to conduct the material to
a hole in the floor. The metal spout becoming choked, plaintiff
took off the other spout, and ran his fingers into the metal
spout to unchoke it, and the second time he did this the machine
caught his hand and crushed it. The spout was subject to clog-
ging, and the proper way to unclog it was by striking on it with
something heavy. *Held* that, as one could not see how far the
machinery was from the mouth of the spout, it was a question
for the jury, whether plaintiff, who had not been instructed how
to unclog the spout, was guilty of contributory negligence.
3. It was the duty of the foreman, when leaving plaintiff in charge
of the machine, to warn him of the danger, and to instruct him
how to unclog it, especially as the foreman had a short time be-
fore had his finger injured by running his hand into the spout.

EDWARD P. HUMPHREY, ATTORNEY FOR APPELLANT.

HUMPHREY & DAVIE OF COUNSEL.

This action was instituted by appellee, a boy about seventeen
years of age, to recover damages for personal injuries. He al-
leges he was in the employment of appellant, and was directed to
work about a machine which was defective and dangerous, but
this fact was not known to him and could not have been known
to him by the exercise of ordinary care, but was known to ap-
pellant, or could have been so known by ordinary care, that he

had no warning as to the dangerous and defective condition of the machine, and while so working his hand came in contact with some revolving cog wheels in the machine, and was crushed and injured.

The answer denies all the material allegations of the petition and pleads contributory negligence on the part of the plaintiff, which is denied by reply.

We submit:

1. That there was no evidence that the machinery was defective.

2. That even if it was defective, the defect was not the proximate cause of the appellee's injury.

3. The appellee had equal means of knowing of the condition of the machinery with the appellant.

4. It was not the duty of the appellant to warn the appellee of a danger which was obvious and apparent.

5. Appellee's own testimony shows that he knew of the danger and was conscious of the risk he was running.

6. Appellee's injuries were due to his own contributory negligence.

7. Appellee was of sufficient age and intelligence to understand and appreciate the danger of putting his hand in among revolving cog wheels.

8. The lower court should have sustained the motion made for a peremptory instruction asked by appellant.

### AUTHORITIES CITED.

Moore v. Edison Elec. Ill. Co., 9 So. Rep., 434; Am. & Eng. Ency. of Law, 436; Insurance Co. v. Tweed, 7 Wall., 52; Jacksonville, T. & K. W. Ry. Co. v. Pa., &c. Co., 9 So. Rep., 678; Block v. Milwaukee Street Ry. Co., 61 N. W., 1101; Am. & Eng. Ency. of Law, vol. 14, 364; Sanborn v. Atchison, Topeka & Santa Fe R. R., 10 Pac. Rep., 860; Civiack v. Merchants' Woolen Mill Co., 146 Mass., 190; O'Keefe v. Thorne, 16 Atl. Rep., 737; Truntte v. North Star Woolen Mills, 57 Minn., 62 (38 N. W., 832); Pinkham v. Sawyer, 27 N. E., 6; Palmer v. Harrison, 23 N. W., 624; Berger v. St. Paul M. & M. Ry. Co., 38 N. W., 814; Pratt v. Prouty, 26 N. E., 1002; Hutchen v. Chipman, 41 Atl., 65.

THOMAS LAWSON and ROBERT W. OWENS, Attorneys for Appellees.

The appellee, a boy seventeen years old, had been employed by appellant's foreman, Wilhelm, to work as a common laborer at rolling barrels and helping around the yard. After working about a week he was ordered by the foreman to report to Green Johnson, foreman of the feed grinding, and after working part of the afternoon and part of next morning, he was ordered by

Johnson to take charge of the machine, which was a large piece of machinery, driven by steam, the grinding burrs being enclosed in an iron covering. It had a hopper on top, into which twenty-one bushels of oats and four bushels of corn were placed at one time for grinding. When the hopper was empty, one could see, by looking down from the top through the hopper, that there was revolving machinery inside of the iron casing, but when in operation no part of the revolving machinery could be seen. The machine was defective, but this was unknown to appellee. It became clogged and heated, while he was running it, and in trying to start it his hand was injured, three of his fingers being torn off and the sinew of the middle finger being torn out from near the elbow, and his land rendered useless. He had never had any experience with machinery and no direction or instruction was given to him by the foreman in charge, except that he was to shovel grain in the hopper, shovel away the ground product, and in case a nail got into the machine, that he should turn a crank to throw the nail out. The jury having heard the evidence gave him a verdict for $3,500, which we think should be sustained.

### AUTHORITIES CITED.

Cooley on Torts, Star page 553, &c.; Bailey on Personal Injuries, &c., vol. 1, sec. 1471; Wood's Master and Servant, p. 714, sec. 394; Buswell on Personal Injuries, secs. 203, 204; Sherman & Redfield, on Negligence, vol. 1, secs. 218, 219; Black's Law & Practice in Accident Cases, sec. 69; Peerless Mfg. Co. v. Denham, 15 Rep., (Ky.) 95; Louisville Bagging Co. v. Dolan, 13 Rep., (Ky.) 498; DeLozier v. Ky. Lumber Co., 13 Rep., (Ky.) 818; Estal v. L. & N. Ry. Co., 49 S. W., 204; L. & N. v. Veach, 20 Rep., (Ky.) 403; Flahiff v. L. & N. Ry., 9 Rep., (Ky.) 398; Grizzle v. Forst, 3 Forst & F., 622; Ry. Co. v. Fort, 17 Wall., (U. S.) 554; May v. Smith, 18 S. E., 360; Chopin v. Badger Co., 53 N. W., 452; Nadau v. White River Lumber Co., 43 N. W., 1135; Thompson v. Johnson Bros. Co., 57 N. W., 298; Sprague v. Atlee, 46 N. W., 755; Dallemand v. Sallfeldt, 51 N. E., 645; Hamson v. Ludlow Mfg. Co., 38 N. E., 363; L. N. A. & C. R. R. v. Wright, 115 Ind., 378; Baxter v. Roberts, 44 Cal., 187; Yeaman v. Noblesbille F. & M. Co., 30 N. W., 10; Chicago & Anderson Press Brick Co. v. Renneiger, 29 N. E., 1106; McCarragher v. Rigers, 24 N. E., 812; Casey v. Arlington Mills, 19 N. E., 525; Greenville Oil & Cotton Co. v. Harney, 48 S. W., 1005.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellee sued appellant to recover damages for personal injuries received, as he alleged, by reason of the

negligence of appellant.  The facts of the case, as shown
by the proof for appellee, are substantially as follows:
Appellee began work for appellant in July, 1898.  He was
seventeen years of age, and unskilled in the use of ma-
chinery.  He was employed to do work as a laborer by
appellant in rolling barrels and the like until the even-
ing before he was hurt.  That evening he was sent by
his foreman to help Johnson shovel corn.  The next morn-
ing he was sent back to help Johnson again, and carried
the corn upstairs, and put it in the hopper of the grinding
machine.  This machine was run by steam.  It consisted
of two burrs, the upper one revolving and the lower sta-
tionary.  By looking in the hopper from the top, when
not filled with grain, the burrs might be seen.  At the
bottom of the machine, the stuff that was ground came
out at a cast-iron spout about five inches long.  Appellant
had attached to this spout a galvanized iron spout to con-
duct the material to a hole in the floor.  The galvanized
iron spout was tied to the other by a string.  After they
started the machine, Johnson went down stairs to fill
the bags with the ground material as it came down, leav-
ing appellee in charge of the machine.  He instructed ap-
pellee that there were a few nails in the oats, which were
mixed with the corn, and when a nail came through it
would make a noise, and he should turn a crank, and let
the nail go through.  This was the only instruction given.
When Johnson had been down stairs a few minutes, appel-
lee came to him with his fingers crushed.  The machine
had choked up in the spout, and appellee, to unchoke it,
took off the galvanized iron spout, and ran his fingers
up in the metal spout to loosen the material in it.  The
second time he did this he put his fingers too far, and his
hand was caught by the machine and crushed.  The ma-

chinery could not be seen from the spout, and one could
not tell how far it was from the mouth of the spout to the
burr.   The fact was that the burr revolved about two
inches above the top of the spout, and there was a lug
below this to throw the ground material out.   The proof
also shows that the machine was subject to choking in the
spout, and that the proper way to unchoke it was to
knock on the spout with something heavy, so as to jar
and unclog it.   Johnson, who had been operating the
machine, had a short time before run his finger up in
the spout, and it had caught it and knocked off the nail.
He says that he was just fooling when he did this, but he
gave appellee no instruction as to how to unclog the ma-
chine, and did not tell him of the danger in unclogging
the spout by putting his finger in it.   The court below
submitted the case to the jury under instructions which
are not objected to, and seem to have been admirably
clear and unobjectionable.   The jury found a verdict for
appellee.   Substantially the only ground urged for rever-
sal is that the court should have instructed the jury per-
emptorily to find for appellant.   The learned counsel for
appellant have referred us to a number of authorities in
support of this conclusion, but they are all cases of patent
danger.   In this State the rule is that, if there is any evi-
dence, it must be submitted to the jury, and the general
rule is in this class of cases that it is only where the proof
is clear that a peremptory instruction should be given.
Shear & R. Neg., section 218.   In view of the fact that
the danger in this case was not patent, and that the ma-
chine was subject to clogging, we do not see that on the
facts the court erred in submitting the question of con-
tributory negligence to the jury.   Appellee being a mere
green laborer, put alone in charge of the machine, un-

instructed as to how to unclog it, and ignorant that the
burrs ran so close to the spout, it was a question for the
jury whether a boy, situated as he was, in the exercise of
such care as was to be reasonably expected of him, might
or might not unloose the string and take off the galvan-
ized iron attachment to relieve the choking, and whether
or not, on finding the spout clogged up, he should, by the
exercise of such care, have apprehended the danger of pro-
ceeding to unloose the obstruction in the spout with his
finger. He was confronted with a difficulty which had
not been explained to him, and what allowance should
be made for his youth and inexperience a jury of twelve
men were peculiarly fitted to determine. As has been
well said: "Upon the facts proven in such cases, it is
a matter of judgment and discretion—of sound inference
—what is the deduction to be drawn from the undisputed
facts. Certain facts we may suppose to be clearly estab
lished from which one sensible, impartial man would in-
fer that proper care had not been used, and that negli-
gence existed  Another man, equally sensible and equal-
ly impartial, would infer that proper care had been used,
and that there was no negligence. It is this class of
cases, and those akin to it, that the law commits to the
decision of a jury. Twelve men of the average of the com-
munity, comprising men of education and men of little
education, men of learning, and men whose learn-
ing consists only in what they have themselves seen
and heard, the merchant, the mechanic, the farmer, the
laborer; these sit together, consult, apply their separate
experience of the affairs of life to the facts proven, and
draw a unanimous conclusion. This average judgment,
thus given, it is the great effort of the law to obtain.
It is assumed that twelve men know more of the common

affairs of life than does one man; that they can draw wiser
and safer conclusions from admitted facts thus concurring
than can a single judge." Railroad Co. v. Stout, 17 Wall.,
657, (21 L. Ed., 745). We think the proof fairly shows that
the machine was subject to clogging, and the jury may
have inferred that Johnson got his finger injured, not un-
like appellee, in seeking to discover or remove the cause
of the trouble. Under such circumstanaces, it was in-
cumbent on him, as the managing agent of appellant,
when leaving a green boy in charge of the machine, to
warn him of the danger, and instruct him how to unclog
it.  Judgment affirmed.